IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| DOUGLAS MCALPIN,<br><br>              Plaintiff,<br><br>vs.<br><br>JUDGE JENNIFER LINT, WILLIAM F. FULLBRIGHT, and MELANIE D'ISIDORO,<br><br>              Defendants. | CV 21–64–M–DLC<br><br><br>ORDER |

Plaintiff Douglas McAlpin has filed a motion to proceed in forma pauperis (Doc. 1) and lodged a proposed complaint (Doc. 2), which includes a request for counsel (*id.* at 11–2). The Court will grant the in forma pauperis motion, deny the request for counsel, and dismiss the action pursuant to 28 U.S.C. § 1915(e)(2)(B)

## I.    In Forma Pauperis Motion (Doc. 1).

Mr. McAlpin's motion and account statement are sufficient to make the requisite showing under 28 U.S.C. § 1915(a). As such, the motion to proceed in forma pauperis (Doc. 1) will be granted.

## II.    Request for Counsel (Doc. 2).

Mr. McAlpin's complaint requests the appointment of counsel to "help better articulate" his claims and because the "case deals with complex issues

1

beyond" his "ability to articulate." (Doc. 2 at 11–12.) Although there is no right to counsel in civil proceedings such as this, *Hedges v. Resolution Trust Corp.*, 32 F.3d 1360, 1363 (9th Cir. 1994), the Court may "*request* an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1) (emphasis added).

Even then, however, counsel may only be requested when there are "exceptional circumstances," justifying the request. *Aldabe v. Aldabe*, 616 F.2d 1089, 1093 (9th Cir. 1980). "A finding of exceptional circumstances requires an evaluation of both 'the likelihood of success on the merits and the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved.' Neither of these factors is dispositive and both must be viewed together before reaching a decision." *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). Exceptional circumstances are not present in this case.

As to the likelihood of success on the merits, the Court discusses the issue at length below. In short, Mr. McAlpin's claims must be dismissed under the *Younger* abstention doctrine, fail to state a claim upon which relief can be granted, and named defendants who are immune from suit. As to ability and complexity, the Court does not find this lawsuit to be overly complex. Mr. McAlpin is advancing a civil rights action under § 1983 and § 1985 stemming from his 1992 Tennessee conviction for manslaughter and Ravalli County's subsequent arrest and prosecution of him in 2019 for failing to register as a violent offender. (Doc. 2 at

1–2.) He has lodged a 12-page complaint which the Court finds sufficient to permit screening.

These are not unique enough circumstances to support a finding of exceptionality. Mr. McAlpin might very well fare better if he had counsel to assist in the development and presentation of this case. But this is insufficient to warrant the exceptional circumstances necessary to justify a request for counsel. *Terrell*, 935 F.2d at 1017. Mr. McAlpin does not enjoy a likelihood of success on the merits and has sufficiently articulated his claims in light of their complexity. His request for counsel will be denied.

### III. Screening Analysis.

#### A. Background.

Mr. McAlpin has previously filed two civil lawsuits and one habeas petition in this District. *McAlpin v. Schweitzer, et al.*, CV 12–114–M–DLC; *McAlpin v. Kirkegard, et al.*, CV 12–143–M–DLC; *McAlpin v. Clem, et al.*, CV 21–04–M–DLC. In each case, Mr. McAlpin's claims have revolved around his 1992 Tennessee conviction for manslaughter and the resulting requirement that he register as a violent offender in Montana. The same is true in this case.

As noted above, Mr. McAlpin's complaint brings claims under 42 U.S.C. § 1983 and § 1985 and stems from his 1992 Tennessee conviction for manslaughter and Ravalli County's subsequent arrest and prosecution of him in 2019 for failing

to register as a violent offender. (*See generally* Doc. 2.) The complaint names three defendants. (*Id.* at 4.) These include: (1) Judge Jennifer Lint, a "Judge of the 22nd District Court of Montana;" (2) William F. Fullbright, the "Ravalli County Attorney;" and (3) Melanie D'Isidoro, a public defender with the "Ravalli County OPD." (*Id.*)

Mr. McAlpin's complaint contends that he is being unconstitutionally prosecuted by Ravalli County for failing to register as a violent offender because he was wrongfully convicted for voluntary manslaughter in Tennessee in 1992. (Doc. 2 at 5–11.) He alleges this prosecution is ongoing, that Judge Lint is the presiding judge, and that he is represented in that proceeding by Melanie D'Isidoro. (*Id.*) He also alleges that there is a warrant out for his arrest for failing to appear. (*Id.*) His complaint references the Fourth, Fifth, Sixth, and Fourteenth Amendments. (*Id.* at 2.) As relief, Mr. McAlpin seeks an injunction halting the state criminal proceedings against him and an order quashing the outstanding arrest warrant. (*Id.* at 10–11.)

    **B.**   **Screening Standard.**

Because Mr. McAlpin is proceeding in forma pauperis, the Court will screen his complaint pursuant to 28 U.S.C. § 1915. Under federal law, this Court must dismiss this "case at any time if the court determines that . . . the action or appeal:" (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be

granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).[1] A complaint is frivolous when its "factual allegations and legal conclusions . . . lack[] an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). This includes "not only the inarguable legal conclusion, but also the fanciful factual allegation." *Id.*

A complaint fails to state a claim unless it includes "a plausible claim for relief with well-pleaded facts demonstrating the pleader's entitlement to relief." *Whitaker v. Tesla Motors, Inc.*, 985 F.3d 1173, 1174 (9th Cir. 2021) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009)). In short, to state a claim, the well-pleaded facts in Mr. McAlpin's complaint must plausibly establish his right to relief. *Id.* This requires more than the mere recitation of the elements of a cause of action or conclusory legal conclusions. *Id.* With these principles in mind, the Court will analyze the defects in Mr. McAlpin's complaint.

### C. The Complaint's (Doc. 2) Defects.

Mr. McAlpin's complaint is frivolous, fails to state a claim, and advances claims against immune defendants. There are several reasons this is so. Mr. McAlpin's claims require dismissal under *Younger*, fail to plausibly establish the elements of claims brought under 42 U.S.C. § 1983 and § 1985, and implicate

---

[1] Even though § 1915(e)(2)(B) is found within the Prison Litigation Reform Act, it applies with equal force to non-prisoner pro se plaintiffs proceeding in forma pauperis. *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001).

judicial and prosecutorial immunity. The Court will discuss each in turn.

### 1. *Younger* Abstention.

The most prominent problem with Mr. McAlpin's complaint is that it seeks the enjoinment of ongoing state criminal proceedings in contravention of *Younger v. Harris*, 401 U.S. 37 (1971). Under *Younger*, "[w]hen there is a parallel, pending state criminal proceeding, federal courts must refrain from enjoining the state prosecution." *Sprint Comms, Inc. v. Jacobs*, 571 U.S. 69, 72 (2013). "*Younger* applies 'when: (1) there is an ongoing state judicial proceeding; (2) the proceeding implicates important state interests; (3) there is an adequate opportunity in the state proceedings to raise constitutional challenges; and (4) the requested relief seeks to enjoin or has the practical effect of enjoining the ongoing state judicial proceeding.'" *Bean v. Matteucci*, 986 F.3d 1128, 1133 (9th Cir. 2021).

As to the first element, Mr. McAlpin's complaint repeatedly alleges the existence of an ongoing state criminal proceeding. Specifically, Mr. McAlpin's complaint alleges that he was arrested in November 2019 by Ravalli County authorities for failing to register as a violent offender under Montana law. (Doc. 2 at 6.) Mr. McAlpin's allegations reveal Judge Lint is the presiding judge and that he is represented by public defender Melanie D'Isidoro. (*Id.* at 7–8.) Mr. McAlpin also alleges that he is currently released pending trial but has presumably absconded from pretrial supervision because "the State of Montana has issued a

warrant" for failing to appear. (*Id.* at 9–10.) The allegations make clear this prosecution remains actively ongoing. (*Id.*). As such, the first *Younger* element is met.

In addressing the second element, the Court must assess whether "the State's interests in the" state criminal proceeding "are so important that exercise of the federal judicial power would disregard the comity between the States and the National Government." *AmerisourceBergen Corp. v. Roden*, 495 F.3d 1143, 1149 (9th Cir. 2007). The Supreme Court has recognized that "the States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations" counseling against the entry of injunctive relief halting such proceedings. *Kelly v. Robinson*, 479 U.S. 36, 49 (1986). The injunction Mr. McAlpin seeks would halt active state criminal proceedings and consequently implicate one a state's most important interests in enforcing its criminal law unimpeded. This element is met.

The Court similarly finds the third element satisfied. Mr. McAlpin's complaint alleges that he has already raised the issue of the constitutionality of his 1992 Tennessee conviction and the corresponding Ravalli County prosecution in the state proceedings. (Doc. 2 at 7–8.) As such, the Court cannot conclude he is without the opportunity to raise the constitutional claims advanced in this lawsuit in the state proceedings. Indeed, Mr. McAlpin himself alleges he already has.

Element four is also clearly met. Mr. McAlpin unequivocally seeks enjoinment of the state criminal proceedings against him, including the quashing of an outstanding arrest warrant for failing to appear. (Doc. 2 at 10–11.)

Having concluded that Mr. McAlpin's claims, which seek injunctive relief enjoining pending state criminal proceedings, fall under the *Younger* abstention doctrine, it has no choice but to dismiss the action in its entirety. *Gilbertson v. Albright*, 381 F.3d 965, 981 (9th Cir. 2004). The Court turns its attention to whether, assuming *Younger* did not apply, Mr. McAplin's complaint has otherwise stated a claim upon which relief can be granted.

### 2. Failure to State a Claim.

As noted above, in order to state a claim, a plaintiff's complaint must allege facts which, if true, plausibly establish their entitlement to relief under the law. *Whitaker*, 985 F.3d at 1174. Merely citing a statute, using legal buzzwords, or formulaically reciting the element of a cause of action are insufficient. *Id.* Mr. McAlpin styles his complaint as bringing claims for "Conspiracy to Obstruct Justice by Denying Rights and Privileges" under 42 U.S.C. § 1985. (Doc. 2 at 1.) The complaint also states it "contains a question of Federal Law" under 42 U.S.C. § 1983. (*Id.*)

In liberally construing Mr. McAlpin's complaint, the Court concludes "that his § 1985 claims are based upon the second clause of § 1985(2) [and] the first

clause of § 1985(3)." *Bretz v. Kelman*, 773 F.2d 1026, 1028 (9th Cir. 1985). This is because, as discussed at length above, the theory of Mr. McAlpin's complaint is that Montana's current prosecution of him for failing to register as a violent offender is unconstitutional because his underlying Tennessee conviction was unlawfully obtained. The three named defendants are the judge, county attorney, and public defender involved in the case.

  The second clause of § 1985(2) prohibits conspiracies between two or more persons "for the purpose of impeding, hindering, obstructing, or defeating, in any manner, the due course of justice in any State or Territory, with intent to deny to any citizen the equal protection of the laws, or to injure him or his property for lawfully enforcing, or attempting to enforce, the right of any person, or class of persons, to the equal protection of the laws." *Id.* at 1027 n.3. The first clause of § 1985(3) "provides a cause of action for a private conspiracy to deny equal protection of the laws." *Id*.

  The problem with Mr. McAlpin's reliance on these subsections of § 1985, is that both require allegations that plausibly establish the alleged conspiracy was motivated by some "some racial or class-based invidious discrimination." *Id.* at 1028 (citing *Griffin v. Breckinridge*, 403 U.S. 88, 102 (1971). Such allegations are utterly absent from Mr. McAlpin's complaint. Instead, Mr. McAlpin simply asserts the judge, prosecutor, and public defender are involved with his ongoing

state criminal proceedings.  Mr. McAlpin does not sufficiently allege the existence of a conspiratorial relationship, *see United Broth. of Carpenters and Joiners of Am., Local 610, AFL-CIO v. Scott*, 463 U.S. 825, 828–29 (1983), nor does he allege the ostensible conspirators are motivated by animus.  This is fatal to any claim brought under the above-cited portions of § 1985.  *Bretz*, 773 F.2d at 1028–1030.

Mr. McAlpin's conspiracy claim under § 1983 is similarly implausible.  To state such a claim, "a plaintiff must allege 'which defendants conspired, how they conspired and how the conspiracy led to a deprivation of the plaintiff's constitutional rights.'"  *Arruda ex rel. Arruda v. Cty of L.A.*, 373 Fed. Appx. 798, 799 (9th Cir. 2010) (quoting *Harris v. Roderick*, 126 F.3d 1189, 1996 (9th Cir. 1997)).  Essentially, a plaintiff must plausibly establish "an agreement or meeting of the minds to violate" his constitutional rights.  *Woodrum v. Woodward Cty, Okla.*, 866 F.2d 1121, 1126 (9th Cir. 1989).  Mr. McAplin's complaint fails to do so.

As already discussed at length, Mr. McAlpin's complaint alleges the existence of an active state criminal proceeding based on his failure to register as a violent offender.  (Doc. 2 at 6–7.)  Mr. McAlpin insists that he was wrongfully convicted of the underlying 1992 Tennessee offense which obligates him to register in Montana.  (*Id.* 5–7.)  Mr. McAlpin complains that despite providing the

state court with evidence to support his claim that he was wrongfully convicted, the prosecution persists. (*Id.* at 8.) The three named defendants, Judge Lint, William F. Fullbright, and Melanie D'Isidoro, appear to be the presiding judge, county attorney, and public defender directly or tangentially involved in the case. (*Id.* at 4, 7.)

None of this establishes a conspiracy between the defendants to deprive Mr. McAlpin of a constitutional right. Instead, it alleges that Mr. McAlpin's state criminal proceeding is proceeding despite protestations as to his factual or legal innocence. There are no allegations within Mr. McAlpin's complaint that plausibly establish the defendants are engaged in a conspiracy to violate any constitutional provision. The complaint does not identify a formal agreement or any overt acts taken in furtherance of the conspiracy. In sum, Mr. McAlpin's complaint fails to state a conspiracy claim under § 1983 or § 1985.

### 3. Immunities.

Even if Mr. McAlpin could get around *Younger* or otherwise plausibly establish a § 1983 or § 1985 claim against Judge Lint or Ravalli County Attorney William F. Fullbright, those defendants are immune from suit. It is well settled that, "generally, a judge is immune from suit" for actions taken in exercise of their official duties. *Mireles v. Waco*, 502 U.S. 9, 9 (1991). This immunity applies to claims for damages, "declaratory, injunctive, or other equitable relief." *Mullis v.*

*U.S. Bankr. Court for Dist. of Nev.*, 828 F.2d 1385, 1394 (9th Cir. 1987). Prosecutors are similarly immune from suits stemming from the exercise of their official duties. *Imbler v. Pacthman*, 424 U.S. 409, 430 (1976). This immunity extends to any action taken by prosecutors in their "role as advocate for the State." *Burns v. Reed*, 500 U.S. 478, 490–92 (1991). In this case, both Judge Lint and William F. Fullbright are immune from suit.

Mr. McAlpin's complaint directly challenges his continued prosecution in Montana state court for failing to register as a violent offender. The premise of this complaint is that the Ravalli County Attorney's Office is unconstitutionally maintaining a prosecution, overseen by Judge Lint. The only direct actions Mr. McAlpin points to in his complaint is Judge Lint's revocation of pretrial release, resolution of his pretrial motions, and issuance of an arrest warrant for failure to appear. The complaint can also be fairly read to challenge the state criminal proceeding in its entirety. Because these challenged actions involve Judge Lint's and William F. Fullbright's exercise of core judicial and prosecutorial functions, they are entitled to judicial and prosecutorial immunity, respectively.

## Order

Accordingly, IT IS ORDERED that Mr. McAlpin's motion to proceed in forma pauperis (Doc. 1) is GRANTED. The Clerk of Court shall waive the filing fee.

IT IS FURTHER ORDERED that the lodged complaint (Doc. 2) shall be deemed filed on May 27, 2021.

IT IS FURTHER ORDERED that, pursuant to 28 U.S.C. § 1915(e)(2)(B), this action is DISMISSED. The Clerk of Court is directed to close the case file and enter judgment by separate document.

IT IS FURTHER ORDERED that the Clerk of Court is directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this Order would not be taken in good faith. Mr. McAlpin's complaint is barred by *Younger*, fails to state a claim upon which relief can be granted, and names defendants who are immune from suit.

DATED this 7th day of September, 2021.

/s/ Dana L. Christensen
Dana L. Christensen, District Judge
United States District Court